The court finds that the contract referred to in the petition is alleged to have been made under authority of an act of the general assembly passed 17th day of April, 1919 (108 O. L., 430), entitled “An act to provide for an additional institution for the custody and care of the feeble minded and to make appropriation therefor.” The petition contains no allegation of compliance with the provisions of Section 2288-1, General Code (107 O. L., 457), which provides that “It shall be unlawful for any officer, board or commission * * * to enter into any contract, agreement or obligation involving the expenditure of money * * *, unless the auditor of state shall first certify that there is a balance in the appropriation pursuant to which such obligation is required to be paid, not otherwise obligated to pay precedent' obligations.” And this court *695 is of the opinion that compliance with the requirements of that section is a condition precedent to the authority of the board to enter into the contract referred to.
It is, therefore, ordered and adjudged that the demurrer to the petition be, and the same is hereby, sustained.

Demurrer sustained.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.